IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RANDY HAYNES, | ) | |
| | ) | 4:05cv3169 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| ASARCO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 1, the Complaint and Motion to Proceed In Forma Pauperis ("IFP") ostensibly filed by the pro se plaintiff, Randy Haynes, a prisoner in the Nebraska State Penitentiary ("NSP"). However, the complaint is unsigned and is in the handwriting of Billy Roy Tyler, another prisoner at the NSP. There is no evidence in the court's records that Mr. Haynes is even aware of this lawsuit. If the court were to grant the motion to proceed IFP, Mr. Haynes would be liable for $250 which would be withdrawn in installments from his inmate trust account whenever funds become available.[1]

However, the motion to proceed IFP is instead denied, not only because the complaint is unsigned and the IFP motion is insufficient, but because the complaint fails to state a claim on which relief may be granted. Mr. Haynes is alleged to have suffered "arrested physical development and diminished intellectual capacity etc." as a result of lead poisoning caused by his proximity to a "Superfund site." He seeks $500 million under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") for his alleged personal injuries.

By moving for leave to proceed IFP, the plaintiff subjects the complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $250.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

CERCLA imposes liability on an owner or operator of a facility "from which there is a release, or a threatened release which causes the incurrence of **response costs**, of a hazardous substance." 42 U.S.C. § 9607(a) (emphasis added). The plaintiff has incurred no response costs. There is no private cause of action under CERCLA to recover damages for personal injuries suffered as a result of violations of the statute. See, e.g., Cabana v. Forcier, 148 F. Supp.2d 110, 114 (D. Mass. 2001).

THEREFORE, IT IS ORDERED:

1. That filing no. 1, the plaintiff's Motion to Proceed In Forma Pauperis, is denied, and the plaintiff's complaint and this action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2 That a separate judgment will be entered accordingly.

DATED this 18th day of July, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

2