IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RANDY HAYNES, | ) | |
| | ) | 4:05cv3169 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | (Appeal) |
| | ) | |
| ASARCO, | ) | |
| | ) | |
| Defendant. | ) | |

The appellant, Randy Haynes, a prisoner in the custody of the Nebraska Department of Correctional Services, has filed a Notice of Appeal and an Application for Leave to Proceed In Forma Pauperis ("IFP") on appeal (filing no. 5). Because the appellant is a prisoner, the Prison Litigation Reform Act ("PLRA") requires the appellant to pay the full amount of the $255 appellate filing fees by making monthly payments to the court even if an IFP application is granted. See 28 U.S.C. § 1915(b); Henderson v. Norris, 129 F.3d 481, 483-84 (8th Cir. 1997). See also In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997): "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." Therefore, Mr. Haynes now owes the court $255, and the only remaining issue is how he will pay that fee.

As set forth in Henderson v. Norris, when a district court receives a prisoner's Notice of Appeal in a civil action, the court assesses the $255 appellate filing fees. If certified trust account information has not been provided to the court with the Notice of Appeal, the court requests the information from the prisoner's institution. When the district court receives the certified copy of the inmate's trust account information, the court:

1

> (a) calculates the initial partial appellate filing fee as provided by 28 U.S.C. § 1915(b)(1), or determines that the provisions of 28 U.S.C. § 1915(b)(4) apply....
>
> (b) notifies the prison officials to collect and pay the initial partial appellate filing fee from the prisoner's trust account and to calculate and pay the remaining installments to the clerk of the district court until the whole of the appellate filing fee has been paid in full as provided by 28 U.S.C. § 1915(b)(2); and
>
> (c) sends a copy of the collection order to the prisoner.[1]

Id. at 484-85.

In this case, the court has not received a certified copy of the appellant's trust account information for the past six (6) months. In addition, the court has not received a proper IFP application. Until such application and information is received, the court will grant the appellant provisional leave to proceed IFP on appeal, and the Clerk of Court shall request the necessary information from the appropriate officer at the appellant's institution and shall send the appellant the standard form IFP application. However, the Clerk of Court shall not process the appeal to the Eighth Circuit Court of Appeals until this court issues a Collection Order regarding the amount of the initial partial appellate filing fee.

After payment of the initial partial appellate filing fee, the remaining part of the fee shall be collected by the plaintiff's institution in accordance with 28 U.S.C. § 1915(b)(2)[2], which states:

---

[1] If the district court does not receive a certified copy of the prisoner's prison account within 30 days of the Notice of Appeal, the court shall calculate the initial partial appellate filing fee at $35 or such other reasonable amount as is warranted by available information.

[2] By filing a Notice of Appeal, the appellant is deemed to have consented to the deduction of filing fee payments from his inmate trust account.

(b)(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

In addition, district courts should continue to certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed IFP on appeal is or is not taken in good faith. If the district court concludes that such an appeal is not taken in good faith, the court shall, pursuant to Fed. R. App. P. 24(a), state in writing the reasons for the denial. Henderson v. Norris, 129 F.3d at 485. In this case, although the complaint (one of many identical environmental claims recently filed by inmates at the Nebraska State Penitentiary) was summarily dismissed for failure to state a claim on which relief may be granted, the court does not conclude that the appeal is so hopelessly and 100 percent without good faith that the appellant should be relieved of the appeal fees by denial of his application to proceed IFP on appeal.

THEREFORE, IT IS ORDERED:

1. That filing no. 5, the appellant's Application for Leave to Proceed In Forma Pauperis ("IFP") on appeal, is provisionally granted;

2. That the appellant is hereby notified that leave to proceed IFP on appeal does not exempt him from liability for the full $255 appellate filing fee in installments regardless of the outcome of the appeal, and that, by filing a notice of appeal, he has consented to the deduction by prison officials of the filing fee from his inmate trust account;

3

3. That the Clerk of Court shall send the appellant a standard form IFP application and shall request the necessary trust account information from the financial officer for the plaintiff's institution;

4. That by August 18, 2005, the appellant shall provide the court with a properly completed and signed IFP application;[3] and

5. That upon receipt of the trust account information, the court will calculate the initial partial appellate filing fee and notify the appellant, the appellant's institution, and the Eighth Circuit accordingly.

DATED this 27th day of July, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

---

[3] Even if the appellant fails to provide a proper IFP form, the court will calculate the initial partial appellate filing fee and will direct the Clerk of Court to process the appeal to the Eighth Circuit for disposition as that Court sees fit. Meanwhile, the appellant's institution will begin withdrawing funds from the appellant's inmate trust account.